51b.     244
65 AD 1478

### DUNN vs. WRIGHT.

An agent employed to sell goods on commission, is a mere broker. As such
he is authorized to make contracts for the sale and delivery of the goods,
but is not authorized to make such contracts in his own name; nor to
receive payment for the property so sold.

Where goods thus sold by a broker are not entrusted to the possession of the
latter, but are sent by the seller to the purchaser directly, with a bill or
invoice thereof, and the purchaser receives the goods, with notice that the
broker does not own them, and has no right to receive payment for them,
he cannot set off a debt due to him from the broker, against the claim of the
seller for the price.

THIS action was commenced before a justice of the
peace of Ontario county. The complaint was for
goods sold to the defendant. The answer denies the com-
plaint, alleges payment, and that the goods referred to in
the complaint were sold to the defendant by and in behalf
of one Stannard.

The return of the justice shows that, in January, 1866,
the plaintiff was a manufacturer of paper bags, residing in
the city of New York. The defendant was a miller, at
Richmond Mills, Ontario county. In December, 1865, or
January, 1866, one Andrew J. Stannard, who resided in
Canandaigua, N. Y. applied to the plaintiff, in New York,
and asked permission to take a set of samples of paper
bags, to sell the same on commission. The plaintiff told
Stannard how much commission he would pay, but gave
him no authority or permission to receive pay for the bags,
or to collect any account. Before the time in question,
the defendant and Stannard had had dealings together,
and the defendant had sold him flour, and the defendant
had bought sugar, &c. of Stannard, who, in fact, owed the
defendant. In January, 1866, the defendant met Stannard
in Canandaigua, and Stannard offered to sell him some
paper bags, and said he would like to let the defendant
have some in payment. The defendant finally ordered
two hundred one-quarter barrel sacks, and two hundred

one-eighth barrel sacks. The bags were to be sent to the defendant by express, and the defendant was to call and get them. No questions were asked by the defendant as to whether the bags were the property of Stannard or not. The defendant testified he did not know where they came from until he saw "Dunn's" name on the bags. The defendant received the bags before he gave Stannard credit for the amount. The defendant received the bags in question, and got them at the American Express Company's office, in Canandaigua. The bags were printed or stamped on the outside, part "Best Buckwheat Flour, from Richmond Mills," and part "Best Family Flour, from Richmond Mills," and the plaintiff's name was printed or stamped on the bags. The goods were sent by the plaintiff directly to the defendant, addressed to him at Canandaigua. At the time of the shipment a bill of the same was sent to the defendant, by mail, at Canandaigua. The plaintiff also drew a draft on the defendant for the amount of the bill. At the time the defendant received the bags from the express company, Stannard owed the defendant from $50 to $75. The only proof of payment was, that the defendant gave Stannard credit on the prior indebtedness existing between them. The defendant credited Stannard 13th February, 1866. At the time the defendant gave Stannard an order for the bags, nothing was mentioned as to the manner of payment. The plaintiff employed Stannard to sell the bags on commission. This transaction with the defendant .was the only sale Stannard ever negotiated for the plaintiff. The plaintiff never saw him afterwards. The defendant received these bags, and had used them. The plaintiff has never received pay for his property, either from the defendant or Stannard.

On the 21st of January, 1867, the justice rendered judgment in favor of the plaintiff for $25 damages, and $5 costs. The defendant appealed to the county court of

Ontario county, which court reversed the judgment of the justice. The plaintiff appealed from the judgment of the county court to this court

*Metcalf & Field,* for the appellant. I. The evidence shows that Stannard was simply the agent of the plaintiff, with power to sell his goods on commission. He had no other authority or instructions. Stannard was, therefore, an agent with special powers. And all persons dealing with agents, with special powers, must ascertain the extent of their authority to represent their principal. (*North River Bank* v. *Aymar,* 3 *Hill,* 266. *F. and M. Bank* v *B. and Drovers' Bank,* 16 *N. Y. Rep.* 134.) The plaintiff used diligence in this matter. He has committed no act by which the defendant has been misled or prejudiced. He did not entrust his agent with the goods. He retained the property within his own control until sold. He shipped the goods to the defendant directly. Stannard never had any control of the property. The plaintiff stamped his name on the bags, and the defendant admits that when he took the goods from the express office, he saw the stamp, and then knew where the bags came from. With this knowledge before him he accepted the bags, gave Stannard credit for the amount, and used the bags. The defendant was bound to inquire of Stannard whether the goods were his, or belonged to some one else. It is evident that the defendant, in his anxiety to get the amount of his old claim against Stannard, omitted to do that which the law says a prudent man should do. The moment his eye fell upon "Dunn's" name, stamped on these bags, he had notice that there was, to say the least, something about the transaction which Stannard had not disclosed. Giving credit to Stannard on the prior existing indebtedness, was a voluntary act of the defendant. Stannard did not ask him to pay, in any way. Stannard

was not present when the goods were received, nor when the credit was given.

II. Stannard was simply employed to sell the goods on commission. When the sale was complete, his duties were ended. He was entitled to receive his commission. Stannard had no authority from the plaintiff to collect this account of the defendant, nor any authority to collect pay for the goods so sold by him to the defendant. Stannard simply represented the principal in the sale of the goods. He was not a *factor.* The courts have always held that factors are entitled to, and enjoy, greater powers and privileges, for the reason that, in their case, the owners of the property have given to their factors the goods themselves to be delivered by them, and have thereby given all the *indicia* of authority, and payment to them has been held good. In this case, the plaintiff did not entrust Stannard with his property. No samples, even, were shown at the time the defendant agreed to buy the bags.

III. It was not pretended or claimed, before the justice, that Stannard had any real authority from the plaintiff to collect pay for the goods in question. The claim was that, in fact, Stannard made the sale as though he was the owner of the paper bags, and giving Stannard credit on a prior indebtedness existing between them, (the defendant and Stannard,) was good payment. 1. In answer to that proposition we say, that Stannard could not, in that way, affect or change the ownership of this property. The agent had no right to sell in his own name. (*See Baring* v. *Corrie,* 2 *B. & Ald.* 138; 4 *Eng. Com. Law Rep.* 436; *Higgins* v. *Moore,* 34 *N. Y. Rep.* 424.) 2. The defendant had no right to rely on Stannard's statement, as against the plaintiff. He was bound to make such inquiries, in relation thereto, as would satisfy a prudent man as to the real character of Stannard, as to whether he was selling his own goods or those of some one else. 3. Besides, the

evidence discloses the fact that Wright had, before this time, had dealings with Stannard, as the agent of Foot & Lindsley, a grocery house in New York; and knowing that Stannard was only selling one kind of goods on commission, the defendant might reasonably have inferred that he only sold these paper bags in the same manner, and not as the owner. 4. Again, the justice having decided, as matter of fact, on a conflict of evidence, that the plaintiff sold and delivered the bags to the defendant, the county court had no right to reverse the judgment on that question, even if erroneously decided.

IV. Stannard had no authority except to sell the goods. An authority or instruction to sell goods, gives the agent no right or authority to collect the accounts for goods so sold, or to demand and receive payment for the same. He cannot exceed his instructions. When the goods are sold, his duties are ended. (*Vide Story on Agency*, §§ 429, 430. "3 *E. D. Smith*, 71.) Nor can he bind his principal to other modes of payment than a payment of money at the time of sale, or on the usual credit. (*See Kent's Com. vol.* 2, *p.* 623.) The case of *Higgins* v. *Moore*, 34 *N. Y. Rep.* 417,) is a case very similar to this, and, we submit, is decisive of the case in favor of the plaintiff; also *Easton* v. *Clark*, (35 *N. Y. Rep.* 225.)

V. The evidence shows, that the only payment made by the defendant to the plaintiff was by giving Stannard credit on a debt which Stannard, before the date of purchase of the bags, owed to the defendant. The defendant paid no money, and gave no new obligations. He parted with nothing in giving Stannard credit. This is not a legal payment, and the principal is not bound by it. (*See cases above cited; and also Easton* v. *Clark*, 35 *N. Y. Rep.* 235.) It was not a payment, in the usual course of business. The remarks of Abbott, J. in the case cited, (2 *Barn. & Ald.* 137,) aptly apply to this case: "If the defendant were to succeed in this case, the effect would be

that the goods of one man would be applied in discharge of the debts of another." It would be a very easy way to pay Stannard's debts. (*See* 3 *E. D. Smith.* 71 ; *Guy* v. *Oakley*, 13 *John.* 331 ; *Bliss* v. *Bliss*, 7 *Bosw.* 339 ; *Higgins* v. *Moore*, 34 *N. Y. Rep.* 417 ; *Easton* v. *Clark*, 35 *id.* 225.)

VI. Unless the plaintiff can recover of the defendant, he will be without remedy. The defendant has had the benefit of the plaintiff's property, and has not paid him. The plaintiff has no claim against Stannard. Stannard never received the goods, nor has he ever received the plaintiff's money; nor has he misappropriated the plaintiff's money, because he has never had any to misapply. Stannard never, so far as the case shows, has applied to the plaintiff to pay him his commission for selling these bags. The defendant's claim against Stannard has not been affected or changed by this transaction.

*D. Herron*, for the respondent. The question is, is the respondent liable to the appellant for the bags ?

I. The respondent had a right to infer that Stannard had a right to sell the bags in his own right. (*Johnson* v. *Jones*, 4 *Barb.* 369.)

II. The respondent bought, in ignorance of the appellant's rights, which he would not have done if he had known he was to pay the plaintiff. It was the plaintiff's fault not to give him notice of his rights, and he cannot, therefore, recover. (*See* 32 *Barb.* 9 ; 35 *id.* 157, 463.)

III. As Stannard was authorized to sell on commission, he had a right to receive pay. (*Story on Agency*, §§ 102, 106. 6 *Cowen*, 354. 21 *Wend.* 279.)

IV. Showing that Stannard was employed in selling goods for a grocer, does not show notice to the respondent that he was acting as agent for the appellant in selling bags. (*See* 24 *Wend.* 458, 462–3 ; 3 *Hill*, 72 ; *Story on Agency*, §§ 390, 404, 419, 420, 444.)

V. The appellant, by suing for the price, affirmed the sale by Stannard. (24 *Wend.* 460. *Story on Agency,* § 389. 4 *Barb.* 36, 42.)

*By the Court,* E. DARWIN SMITH, P. J. Upon the facts clearly proved, on the trial, Stannard, who made the contract for the sale of the bags in question in the suit, was a mere *broker.* As such he was authorized to make contracts for the sale and delivery of the plaintiff's bags, but he was not authorized to make such contracts in his own name; nor was he authorized to receive payment for the bags so sold. (*Higgins* v. *Moore,* 34 *N. Y. Rep.* 431. *Baring* v. *Corrie,* 2 *Barn. & Ald.* 138.)

When the defendant made this contract to purchase these bags, he clearly knew nothing of the plaintiff, and doubtless supposed he was purchasing them of Stannard, and expected thereby to get payment of his debt from him. But he knew that Stannard was not a dealer in such bags, but was simply engaged as a clerk in the grocery business for a firm trading in Canandaigua.

The goods were received by the defendant at Canandaigua, to which place they were sent by the plaintiff by express, accompanied by a bill or invoice of the bags, sent to the same address by mail. When the defendant received the goods he knew that they came from the plaintiff, as they were marked with his name. He had not then paid for the goods, nor did he afterwards ever pay for them, in fact. He simply credited the amount of the cost of the bags, in his books, to Stannard.

When he thus received the goods he had notice that Stannard did not own them, and had no right to receive payment for them. The plaintiff did nothing to mislead him. He had not trusted Stannard with the possession of the property or with any evidences of title thereto. The goods came by express directly to the defendant. Stannard had no control over them, and never had any

Dunn *v.* Wright.

thing to do with them, except to send to the plaintiff the defendant's order for the number and description of the bags. The case, in its facts and in the principle involved, is, it seems to me, clearly within the case of *Baring* v. *Corrie, (supra.)* In that case, Coles, the broker, sold the sugars and ordered them, as Stannard did the bags, in this case, in his own name, and they were delivered to Corrie. The defendant in that case claimed that he purchased the goods of the broker, as the defendant does here that he purchased the bags of Stannard, and that he had a set-off or demand against the broker; but the court held that the plaintiff was entitled to recover the price of the sugars. Judge Bayley said: " The plaintiffs did not trust the broker with the muniments of their title, or the possession of the goods." And the case was decided chiefly upon that ground. The case of *Hogan & Miln* v. *Shorb,* (24 *Wend.* 458,) is not in conflict with the case of *Baring* v. *Corrie.* It was put upon the distinction between a broker and a factor. Morris, who sold the goods in that case, was a factor. He was entrusted with the goods, delivered them at the time of the sale, and made the sale in his own name, and was himself a merchant and trader. He had a right to sell the goods in his own name and to receive payment; not so with Stannard.

The defendant has received the plaintiff's property, and has not paid him for it, and he clearly had no right to pay Stannard for property he did not own, and he had not the slightest right to receive payment for said property.

It follows that the plaintiff is entitled to recover the price of such property, as the plaintiff did in the case of *Baring* v. *Corrie, (supra,)* and the judgment rendered by the justice therefore was right, and the judgment of the county court reversing the same was erroneous, and should be reversed, and that of the justice affirmed.

[MONROE GENERAL TERM, June 1, 1868. *E. D. Smith, Johnson* and *J. C. Smith,* Justices.]