CARTER WHITE LEAD COMPANY, Appellant, *v.* LEWIS H. POUNDS, Respondent.

*Credibility of a witness — proof that the witness has made statements in another proceeding contradictory of his testimony in the present one.*

In an action to recover the purchase price of a quantity of merchandise sold by the plaintiff to the defendant through the agency of one Cahey, who had received payment therefor, in which the question litigated was whether Cahey was a mere selling agent without implied authority to receive such payment, an affidavit in which the general manager of the plaintiff, in a criminal prosecution to recover from Cahey some of the money paid to him by the defendant, swore that the money was the property of the plaintiff, which was in conflict with the statement made by him on his direct examination to the effect that no part of the plaintiff's claim had been paid by the defendant, is admissible to impeach his credibility.

Appeal by the plaintiff, the Carter White Lead Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 10th day of April, 1901, upon the verdict of a jury, and also from an order entered in said clerk's office on the 24th day of April, 1901, denying the plaintiff's motion for a new trial made upon the minutes.

*J. Harry Hull,* for the appellant.

*Edward M. Bassett,* for the respondent.

Willard Bartlett, J. :

This action was brought to recover the purchase price of 1,200 pounds of white lead sold by the plaintiff to the defendant through the agency of William B. Cahey. The defense was payment. There is no doubt that the defendant paid Cahey for the goods, but the plaintiff contended below and contends here that the evidence showed Cahey to have been a mere selling agent, without custody of the property sold, and, therefore, without any implied authority to receive payment therefor.

The case is a close one, but I am inclined to think that the proof establishes a more general agency on the part of Cahey. He used a card of the "Carter White Lead Co., New York Branch, 41 Water Street," and he did this with the knowledge of Mr. Alexander Stewart, at the time the general manager of the plaintiff's business. Prior to ordering the white lead the defendant had visited the office at 41 Water street "maybe half a dozen times." The sign of the Carter White Lead Company appeared on the front window. "Mr. Cahey was in charge of the office when I went in," says the defendant. "I never saw anyone else there except Mr. Cahey and never saw Mr. Stewart."

From this and other evidence in the record it seems to me that the plaintiff, by permitting Cahey to be apparently in charge of its New York branch, held him out as being something more than a mere agent authorized only to sell goods, but not to receive payment therefor. The facts are quite different from those in *Higgins* v. *Moore* (34 N. Y. 417), relied upon by the appellant. There the payment for a lot of grain was made to a grain broker, who, as Judge Peckham says, had no apparent authority to do anything but

make the sale.   So, also, in *Dunn* v. *Wright* (51 Barb. 244), which related to a sale of bags, the selling agent was a mere broker, and was known to the purchaser not to be a dealer in such bags as were the subject of the purchase.

The only ruling concerning evidence which requires notice was the admission of an affidavit made by Mr. Stewart in a criminal prosecution to recover from Cahey some of the money paid to him by the defendant.   In this affidavit Mr. Stewart swore that the money was the property of the Carter White Lead Company.   Of course, this was not received as tending to establish Cahey's authority to receive payment, but it was properly admitted, on Mr. Stewart's cross-examination, to impeach his credibility ; for it was in conflict with the statement which he made on his direct examination, to the effect that no part of the plaintiff's claim had been paid by the defendant.

I conclude that the judgment should be affirmed.

GOODRICH, P. J., WOODWARD, HIRSCHBERG and SEWELL, JJ., concurred.

Judgment and order affirmed, with costs.