CARTER WHITE LEAD CO. v. POUNDS.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. AGENTS—AUTHORITY TO RECEIVE PAYMENTS.

In a suit by a corporation to recover for goods sold to defendant by one of its agents, the evidence showed that he used a card with the corporation's name and the address of a branch office, and that its general manager knew of such use. Prior to ordering the goods, defendant visited such office several times, found the corporation's sign on the window, and the agent alone in charge. Held, that the agent was held out by the corporation as more than a mere selling agent, and that a payment to him of the price of the goods discharged the defendant.

2. WITNESSES—CROSS-EXAMINATION—IMPEACHING CREDIBILITY.

In a suit by a corporation to recover for goods sold defendant by its agent, where plaintiff's general manager testifies that no part of the claim has been paid, an affidavit made by him on a criminal prosecution against the agent, averring that money paid to such agent by the defendant belonged to the corporation, is admissible on cross-examination as tending to impeach his credibility, though not to establish the agent's authority to receive the payment.

Appeal from trial term, Queens county.

Action by the Carter White Lead Company against Lewis H. Pounds. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

J. Harry Hull, for appellant.
Edward M. Bassett, Jr., for respondent.

BARTLETT, J. This action was brought to recover the purchase price of 1,200 pounds of white lead, sold by the plaintiff to the defendant, through the agency of William B. Cahey. The defense was payment. There is no doubt that the defendant paid Cahey for the goods, but the plaintiff contended below and contends here that the evidence showed Cahey to have been a mere selling agent, without custody of the property sold, and therefore without any implied authority to receive payment therefor. The case is a close one, but I am inclined to think that the proof establishes a more general agency on the part of Cahey. He used a card of the "Carter White Lead Company, New York Branch, 41 Water Street," and he did this with the knowledge of Mr. Alexander Stewart, at the time the general manager of the plaintiff's business. Prior to order-

ing the white lead, the defendant had visited the office at 41 Water street, "maybe half a dozen times." The sign of the Carter White Lead Company appeared on the front window. "Mr. Cahey was in charge of the office when I went in," says the defendant. "I never saw any one else there except Mr. Cahey, and never saw Mr. Stewart." From this and other evidence in the record it seems to me that the plaintiff, by permitting Cahey to be apparently in charge of its New York branch, held him out as being something more than a mere agent authorized only to sell goods, but not receive payment therefor. The facts are quite different from those in Higgins v. Moore, 34 N. Y. 417, relied upon by the appellant. There the payment for a lot of grain was made to a grain broker; who, as Judge Peckham says, had no apparent authority to do anything but make the sale. So, also, in Dunn v. Wright, 51 Barb. 244, which related to a sale of bags, the selling agent was a mere broker, and was known to the purchaser not to be a dealer in such bags as were the subject of the purchase.

The only ruling concerning evidence which requires notice was the admission of an affidavit made by Mr. Stewart in a criminal prosecution to recover from Cahey some of the money paid to him by the defendant. In this affidavit Mr. Stewart swore that the money was the property of the Carter White Lead Company. Of course, this was not received as tending to establish Cahey's authority to receive payment, but it was properly admitted on Mr. Stewart's cross-examination to impeach his credibility, for it was in conflict with the statement which he made on his direct examination, to the effect that no part of the plaintiff's claim had been paid by the defendant. I conclude that the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.