By the Court. Woodruff, J.
—It is insisted, on behalf of the plaintiffs, that the claim of the defendants to set-off the amount or value of the goods which the witness Noyes sold for them to Phelps, Vail & Co., must be disallowed upon two grounds: First, That the claim is not the subject of set-off, and therefore could not be allowed even if Noyes were now plaintiff suing for the price of goods belonging to himself, sold to the defendants; and Second, That no such set-off can be allowed against the plaintiffs, his prin *344 cipals, the actual owners of the goods sold by Noyes to the defendants.
1. The first proposition cannot, we think, be sustained. It is true, that having been authorized by the defendants to sell their goods, and having made such sale, it was the plain duty of Noyes to account therefor to the defendants, and he could have been compelled to do so and to hand over to them the proceeds, in whatever form received by him. So when he had received the note of the purchasers, it was his duty to deliver the note to the defendants on the receipt of his proper commissions; and no doubt upon the facts testified to in this case touching his employment, the defendants might, on discharging any claim for commissions, have maintained trover for the note if he had refused to deliver it to them, and had converted it to his own use. But if this be so, and if it be in the fullest manner conceded that an action of tort, either for the conversion of the note, or for the misappropriation thereof, or its amount would lie in their favor against him, this is not conclusive. The defendants were not confined in their remedy to an action for the tort; assumpsit would lie upon his contract, and when the note was paid to him, he became the defendant’s debtor to the amount of money received as the proceeds of their goods sold by him at their request. He was clearly liable to them as for so much money had and received to their use, and they could recover it in assumpsit, waiving the tort, and in this view of their right, their claim against him was as truly the subject of set-off as any other debt would be, (Butts v. Collins, 13 Wend. 154 and cases cited; Putnam v. Wise, 1 Hill, 240, and note,) and the price at which he took the goods to sell, would be prima facie evidence of the amount for which he was liable. The testimony shows, we think, prima facie, that he has in fact, received the proceeds in money.
The first ground of objection to the defense, therefore, fails, though the testimony be taken to present the case in the light most favorable to the plaintiffs’ argument; while on the other hand, if the defendants had a right to treat *345 Noyes as himself the purchaser of the goods from them, notwithstanding his disclosure to them of the names of the persons to whom he sold them, Phelps, Vail & Co., then the right of the defendants as against Noyes, would admit of no question.
2. The second ground of resistance of the defendants’ claim to make the set-off, presents a question of more apparent difficulty, and yet we apprehend the principles applicable to the subject are well settled. In the language of Abbott, Chief Justice, in Baring v. Carrie, (2 Barn, and Aid. 137,) “if the defendants were to succeed in this case, the effect would be, that the goods of one man would be applied in discharge of the debt of another.” We add, nevertheless, that if their claim is sustained by principles or by authority that is to be regarded as settling the law on the subject, we are not to hesitate in sustaining their claim because it seems to .us to work injustice.
We are relieved from the necessity of reviewing at length the cases from which the principles governing the subject are to be gathered, by the lucid opinion of Bronson, J., in Hogan v. Shorb, (24 Wend. 458,) in which the Supreme Court of this State, in 1840, held, that where goods are sold by a factor as principal, to a purchaser who has no knowledge that he is acting as factor, or that he is not the owner, such purchaser may, in an action by the principal, for the price, set off a demand due to him by the factor. This decision does not appear to have been at any time since called in question in this State. The opinion begins with the doctrine of Rabone v. Williams, stated by Lord Mansfield in 1785, followed by Lord Kenyon in George v. Clagett, and Stracey et al. v. Decy, in 1789, and since that time by numerous cases in England, to the present day, (See 7 T. R. 359, 360, n. 361, n.,) and said never to have been questioned. That doctrine is, that “where a factor dealing for a principal but concealing that principal, delivers goods in his own name, the person contracting with him has a right to consider him, to all intents and purposes, as the principal; and though the real principal may *346 appear and .bring an action upon that contract against the purchaser of the goods, yet that purchaser may set off any claim he may have against the factor in answer to the demand of the principal. This has been long settled.”
It is upon the case of Hogan v. Shorb, and the cases therein cited, that the counsel for the defendants here mainly relies; and we unhesitatingly say, that if the present case is not distinguishable therefrom, the set-off claimed must be allowed to the present defendants. The opinion in- that case, however, suggests distinctions which we apprehend are equally'wrell settled.
It was held at nisi prius, in Waring et al. v. FavencJe, et al. (1 Campb. 85), and in Baring v. Corrie, (2 Barn, and Ald. 137,) that where a purchase is made by a broker without disclosing his principal, such principal cannot set-off a claim against the broker when sued by the owner for the price; and where goods are sold by a broker without disclosing his principal, the purchaser cannot set-off a debt due to him by the broker when sued by the principal for the price.
Another qualification of the rule is, that though the sale be made without disclosing the principal, yet if the purchaser knows or has .reason to believe that the seller, whether he be a broker or a factor, is not the owner, but i-s acting in the sale as factor or broker, the purchaser cannot make such set-off. And in Baring v. Corrie, above cited, it was held, that where the purchaser had means of knowledge and the circumstances were such as should have put him to inquiry, he was negligent in not inquiring, ■ and could not make such a set-off against the true owner. Such is the doctrine of Moore v. Clementson, (2 Camp. 22,) and Maanss v. Henderson, (1 East. 335,) and in Fish v. Kempton, (7 Man. Gr. and Scott, 687,) although the goods were sold without disclosing the principal, yet, it being found that the agents sold as factors, and that the purchasers knew that they were selling as factors, the set-off was not allowed.
So in this State, in Browne et al. v. Robinson et al. (Caine's C. in Error, 341,) though the factor (Cooke) did not disclose *347 the name of his principal, and no evidence wag given that the purchaser knew that the sale was made by Cooke, as factor for the plaintiffs, or any other person, yet upon testimony that “ it was generally known that Cooke was factor to the plaintiffs ; but that he then transacted business as well on his own account as upon commission,” it was held that the purchaser could not set-off a debt due to him by Cooke. The opinion proceeds upon the ground that the purchaser was chargable with knowledge so that he could be said to “purchase from a factor scienter
And in Gordon v. Church, (2 Caine’s Term R. 299,) the same distinction is applied to an attempt, by an insurer, under a policy effected in the name of a broker, to set-off a debt due by the broker, against a claim for a loss made in an action brought in the name of such broker, for the benefit of the party for 'whose benefit the insurance was effected.
In accordance with this view, Bronson, /., says, in the opinion above referred to: “ When the name of the principal is disclosed at the time of the sale, the vendee has no right to set up any equities between himself and the factor to defeat the action of the owner; and. the same consequence will, I think follow, if the vendee knew, or had good reason to believe, he was dealing with the agent of another, although the name of the principal was not disclosed.” “ A more general knowledge that the person selling the goods is a factor, if he also carry on business on his own account, will not be sufficient to charge the vendee with notice. He must know,1 or have good reason to believe, that the vendor is acting as the agent of some other person in that particular transaction.”
It is also pertinent to observe, that in so far as the defendants’ claim to make the set-off derives any support from our statute in relation to factors and agents, commonly known as “ the factor’s act,” the purchaser is not aided at all by that statute if he know or have reason to believe that the person with whom he is dealing is acting as agent or factor. (Stevens v. Wilson, 6 Hill, R. 512, S. C. 3 Denio, *348 472 ; Zachrisson v. Ahman, 2 Sandf. S. C.R. 68 ; Bonito v. Mosquera, 2 Bosw. 401.)
There is no contradiction in the testimony in the present case. The transaction is detailed by the witness Noyes who made the sale of the plaintiffs’ goods, and the testimony of the defendants’ witness, does not differ from his statement.
Although Noyes calls himself a “ commission merchant,” the account he gives of the transaction in question and of his transactions with or for the defendants, indicates rather that he was a mere broker selling goods for a commission, than that he was a factor entrusted with the possession of the goods for sale; and that the defendants only knew him and dealt with him in his capacity of broker; for he says that he seldom did business on his own account, and there is not the slightest evidence that th"e defendants ever had'any knowledge that he did so in any instance, while he says that -his “ regular business ” was making sales for others, which he terms doing business “ as a commission merchant,” and he had been for three or four years in such business.
The goods were not entrusted to his possession to be sold; he was merely furnished with samples; and on his reporting to the plaintiffs the sale which he had made, they furnished him the goods for delivery to the defendants. The plaintiffs did not know that he sold the goods in his own name, and there is not any evidence that they authorized him to do so. According to what is testified to be usual, when sales were made by one as broker, he gave the plaintiffs the name of the purchasers, and within the month, (within which it is testified to be usual to hand over the note of the purchaser in such cases,) he gave the plaintiffs an order on the defendants for the note which, by the terms of sale, they were to give.
So in his dealings with the defendants. The very goods for which they claim to make a set-off, he says he sold for them. He was to give to them the note of the parties to whom they were sold. He told them he could sell them to a certain house, and they authorized him to do so. *349 He had repeatedly sold goods for the defendants before— two or three bills during the previous month, and one subsequently ; he had known them for a number of years, and he says in terms, “they knew his business.” And finally, on this point he says, “ that he was acting as a' commission merchant, or perhaps a broker, at the same time.” And the clerk of the defendants, who made the purchase of the plaintiffs’ goods from him, expressly says: “ I know Mr. Noyes as a commission merchant and as a broker,” and as already observed, there is nowhere an intimation that the defendants had ever known him in any other capacity.
Upon this collection of the testimony, there is much reason for saying, that Noyes occupied to these parties the relation of broker, and nothing more, without any authority to sell in his own name, and without being entrusted with the possession of the goods for the purpose of sale ; and therefore, that the case is within the decisions above cited, which hold, that although a broker does not disclose his principal, the purchasers from him cannot set-off a debt due by him against the claim of the owner.
The terms “ commission merchant, or perhaps as broker,” are not so definite, (as they are used by the witness,) as clearly to bring the case within the’ rules applicable to factors having possession of goods for the purpose of sale, between whom and a broker the distinction is pointed out in Baring v. Corrie, above cited.
But however this ■ may be, and whether Noyes is to be called a “ broker,” a “ commission merchant,” or a “ factor,” the above recapitulation of the testimony seems to us to show, that the defendants had knowledge that he was dealing as a factor or broker, selling the property of others. He had so dealt uniformly with their goods; they knew him “ as a commission merchant or broker,” and not otherwise.
In connection with the circumstances already alluded to, one other fact seems to us to be conclusive. The bill of parcels which he delivered to the defendants as evidence of his sale to them, describes the sale itself as made from *350 ' him as a commission merchant. This brought home to the defendants, knowledge not merely of the general fact that he was a commission merchant—their clerk knew him as commission merchant or broker—but it pointed out the transaction itself as made with him in that capacity.
Under all these circumstances, the defendants must, we think, be held to have known when they purchased the plaintiffs’ goods, that they were not purchasing from the owner ; that they were dealing with one who was acting as broker, factor, or agent, in making the sale.
And if actual knowledge is not to be conclusively inferred, it is doing violence to good sense to say that they had not reason to believe that he was acting in such capacity, and was selling the goods of some other person; and the testimony, on the part of the defendants is not inconsistent with this. He did not state for whom he was selling, and so the defendants’ clerk to whom he sold, did not know any other party; no other party was mentioned.
He was known to such clerk as a commission merchant or broker; he had long been accustomed to deal as such; he had been selling for the defendants themselves in that capacity; he described the very sale in question, in the written evidence thereof given to them, as a sale by him as a commission merchant.
Under such circumstances, we think the defendants are not entitled to apply the plaintiffs’ goods to the payment of the agent’s debt to them.
For these reasons, we think that the chief justice properly instructed the jury to find for the plaintiffs, and that judgment ther.eon should be rendered for the plaintiffs for the amount of the verdict and their costs.
Robertson, J.
—The defendants allege in their answer, by way of counter-claim, that one Noyes, a merchant doing business in the city of New York, sold to the defendants merchandize on a credit, and rendered a bill therefor, describing himself therein as a “ foreign commission merchant,” and, on the same day, bought of the defendants a *351 larger amount of merchandize, on the like credit; that Noyes did not disclose, nor did the defendants know, that he was acting for any other person; and that the merchandize sold by him was in his possession, and was so sold as his own. There was no allegation in it as to the character of the business generally done by him.
On the trial, no evidence was given of the business generally transacted by Noyes, except by his testimony. He testified that he had been in business three or four years, and during that time had been a commission merchant; that he seldom did business on his own account, otherwise than as a commission merchant. On the subject of the possession of the goods sold by him to the defendants, he testified, that they had not been delivered to him, only a sample,; and that he obtained the goods from the plaintiffs, after the sale, in order to deliver them. The bill was rendered with a heading specifying Noyes to be a foreign commission merchant.
The goods claimed to have been sold by the defendants to Noyes, consisted of goods delivered by them to him to be sold by him as their agent, which he sold, and the proceeds of which he received and appropriated. The defendants knew the business of Noyes, and- had frequently employed him as their agent to sell goods for them.
If the case of Hogan v. Shorb (24 Wend. 458) contains the law of this State upon the right of a purchaser of goods, from an agent, to off-set a claim against such agent, every agent intrusted with goods to sell, can employ them to pay his own debt, even if an antecedent one ; notwithstanding, in all other cases, an antecedent indebtedness does not form a sufficient consideration to constitute a bona fide purchaser. That case carries the doctrine further than it is laid down by Lord Mansfield, in the case cited, of Rabone v. Williams, (7 T. R. 360, n. a.) In the present case, it does not appear which indebtedness. accrued first; but in that case, the exception is admitted of knowledge by a purchaser, of the existence of a principal; of that knowledge the facts that the agent is a mere broker, that is *352 not intrusted with the possession of the goods sold, and not a factor in possession of them, or if such factor, that his sole business is as agent, are considered to be sufficient notice to the purchaser to put him on his guard. In this case, the inference from the facts in evidence appears to me irresistible, that the defendants had notice that Noyes was acting for another. • They had previously employed him as an agent; their clerk, who made the purchase, knew him to be a broker, as he testifies. They even believed him to be irresponsible. He was not in possession of the goods when he made the sale, and could only have sold them by the sample which he had, as any other broker. He had always been a commission merchant, and the bill rendered by him stated that he was one. It was immaterial whether they knew for whom he was acting ; they knew enough to put themselves upon inquiry. This principle is fully sustained by the cases cited in the argument, of Waring et at. v. Favenck, (1 Campb. 85 ;) Baring v. Corrie, (2 Barn. & Ald. 137 ;) Moore v. Clementson, (2 Camp. 22;) Maanss v. Henderson, (1 East. 355 ;) Fish v. Kempton, (17 Man. Gr. & Scott, 687 ;) as well as the cases of Browne and others v. Bobinson and others (Caine’s Cases in Error, 341), and Gordon v. Church (2 Caine’s T. R. 299), in our own courts. Whatever be the meaning of commission merchant, the non-possession of the goods deprived Noyes of the indicia of ownership which could alone aid the defendants.
I concur with Justice Woodruff in his view of the instructions of the chief justice on the trial, and think judgment should be rendered for the plaintiffs, for their claim, undiminished by any off-set, and for their costs.
Ordered accordingly.