CHARLES B. NICHOLS, RESPONDENT, *v.* NELSON MARTIN
AND WILLIAM SINCLAIR, APPELLANTS.

*Sale by an agent without disclosing his principal — right of the vendee to treat the agent as principal — how far he may set off against the purchase-price claims against the agent subsequently purchased.*

Isaac Depuy sold and delivered to the defendants a quantity of wheat and received in payment therefor their promissory note for the price thereof, payable to his order in sixty days.   Thereafter, and before the maturity of the note, the defendants purchased for five dollars an overdue note made by Depuy to one Sinclair for an amount in excess of the amount of the note given by them. They refused to pay their note upon its maturity, although then informed by Depuy that the wheat belonged to his wife and had been sold by him as her agent, and insisted upon their right to have the amount thereof set off against the note held by them.

In an action brought upon their note by an assignee thereof:

*Held*, that in no event were they entitled to have such set-off made for a greater amount than they had paid for the note purchased by them, viz., five dollars.

APPEAL from a judgment in favor of the plaintiff, entered on a verdict rendered at the Cayuga Circuit, and from an order denying

a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*George Barrow*, for the appellants.

*Sereno E. Payne*, for the respondent.

BRADLEY, J.:

On 11th November, 1881, Isaac Depuy sold and delivered to the defendants a quantity of wheat, and for the price of it they then delivered to him their note, payable to his order at sixty days. When the note became due he called upon them for payment and was informed that they had a note made by him, exceeding in amount that made to him, and they proposed to use it by way of set-off. He then stated to them that the wheat did not belong to him but was owned by his wife. The defendants' note was afterwards transferred to the plaintiff, who brought this action upon it; and the defendants allege the purchase of the wheat of Isaac Depuy, etc., and that they hold and own a promissory note made by him December 28, 1876, payable to the order of F. A. Sinclair, and ask that sufficient amount of it to satisfy the note sued on be set off against it. The evidence tended to prove that the wheat belonged to Mrs. Depuy, the wife of Isaac, and that he sold it and took the note for her, but did not disclose to the defendants that he was not the owner or that he was transacting the business otherwise than in his own right. At that time the defendants had no claim against him, but afterwards and before their note became due they purchased the note, set up in the answer, of the payee named in it.

The trial court directed a verdict for the plaintiff for the amount of the note sued on. The contention of the learned counsel for the defendants is that the sale of the wheat by Isaac Depuy to them, without disclosing any relation to the property other than that which was implied from the transaction of the sale, and without any knowledge on their part that he was not the owner or had any principal for whom he was acting, gave them the right to treat him as the principal in the transaction, and entitled them to the allowance of the set-off as claimed. This rule, invoked in support of the defense, is quite well defined by authority and is a somewhat qualified one, and is based upon principles of natural equity.

When a person has actual possession of personal property, and the apparent control and management of it, and deals with it and makes sale of it, apparently as principal, when in fact he is agent of another, the purchaser from him may treat him as the owner, and in an action brought by the principal for the price may set off a claim he has against the agent, provided the purchaser in good faith supposed the agent was owner, and there were no circumstances which could put him upon inquiry or charge him with negligence in not suspecting or ascertaining that the seller was agent and not the owner of the property. (*George* v. *Clagett*, 7 Term, 355; *Rabone* v. *Williams*, Id., 356, note; *Purchell* v. *Salter*, 1 Q. B. [1 Ad. & Ellis, N. S.], 197; *Carr* v. *Hinchliff*, 4 Barn. & Cress, 547; *Hogan* v. *Shorb*, 24 Wend., 458; *Judson* v. *Stilwell*, 26 How., 513; *Pratt* v. *Collins*, 20 Hun, 126; *Frame* v. *William Penn C. Co.*, 97 Penn. St., 309; *Huntinyton* v. *Knox*, 7 Cush., 371.)

This rule is particularly applicable to factors. They have the unqualified possession of property and a lien for advances, and may maintain actions in their own name; but in view of the principles upon which the remedy and protection of the purchaser rest, there is no reason why it should not also embrace in its operation all agents whose possession of and apparent relation to the property come within such prescribed rule of law. Anything short of such agency as vests in the agent the actual possession and apparent control of the property will not give such right to the purchaser as against the principal. Such right is founded in part upon the opportunity which the owner, by his authority, has given his agent to so deceive and mislead those with whom he deals. And the exercise of actual possession, control and management by the agent, which does not come within the power given by the principal, does not afford to the purchaser such relief as against him, although the agent have the power to sell and sells without declaring any principal, but apparently as owner.

And hence it is held that a purchase made of a broker gives no such right to the purchaser against the principal. (*Morris* v. *Smith*, 4 Maule & Selwyn, 566; *Baring* v. *Corrie*, 2 Barn. & Ald., 137; *Bliss* v. *Bliss*, 7 Bosw., 339; *White* v. *Jaudon*, 9 id., 415; *Dunn* v. *Wright*, 51 Barb., 244.) That class of agency is to make sales without ordinarily having in the agent the actual custody and

possession of property, although he sells property and causes the delivery of it to the purchaser. To enable the purchaser in any case to charge the principal with the debt due from the agent, by way of set-off against the purchase-price, he must be free from negligence in ascertaining, at the time of the purchase, the relation of the agent to the property. And it is sufficient to defeat him as against the principal, if he then had knowledge or information of any circumstances which should have induced inquiry in respect to the ownership of the property. (*Brown* v. *Robinson*, 2 Caine's Cases, 341; *Wright* v. *Cabot*, 89 N. Y., 570, and cases before cited.)

The plaintiffs' counsel contends that the defendants had sufficient information at the time of their purchase to put them on inquiry, and justify the verdict. Isaac Depuy had, some time before then failed, and made an assignment for the benefit of his creditors, and from that time the business done was in the name of his wife. He was insolvent. It appeared that the defendants were advised of his failure, and one of them stated that "soon after his failure it was generally reported that his wife was running things in her own name;" that he "heard reports to the contrary within a year before the purchase of the note" by the defendants. There was no inquiry made at the time of the sale. The note payable to Isaac Depuy was taken by him without remark. These circumstances, taken together, would not seem to require further explanation. The defendants treated him as the owner of the wheat, and he accepted that as their understanding, by taking the note as drawn, without suggestion. The fact that he had failed four years before, did not require the defendants to suspect that he might not own a load of wheat he was putting into the market.

In the cases before cited, and all to which attention has been called, the debts or claims against the agents, which were allowed to be set off by the purchaser as against the principal, existed at the time of the purchase, or were created by dealings between the purchaser and the agent at and during the time that he was supposed to be the principal in the transaction of the sale. And the equitable principle applied in support of this right of the purchaser, is that where one of two innocent persons must suffer, the loss should fall on him who has given the opportunity to cause it

(*Wright* v. *Cabot, supra.*) It is not in its purpose unlike the doctrine which supports *estoppel en pais*, although not dependent upon the same circumstances.

But the effect of it is to prejudice a principal chargeable with no intent to deceive others or mislead them to their prejudice. It would, therefore, seem that they, as against him, should be held to good faith in respect to the creation or procurement of the claim against the agent, which is sought to be used to defeat payment to the party beneficially interested. They should not, in view of the equitable rule which gives relief, be permitted to speculate on his misfortune. The protection of their equities is all they can properly require as against him. It appears that the defendants had, in fact, paid only five dollars for the note of $172, which they sought to use as a set-off. It may, for the purposes of this case, be assumed that before being advised of the claim that the title to the wheat and the right to the proceeds were not in Isaac, the defendants had the right to become the owner by purchase of a demand against him, and use it as. a set-off against his principal, but it would not be equitable to make it so available beyond the amount paid for it, and by application of familiar principles they are precluded from doing more than that.

It does not appear that the defendants assumed any obligation to pay or allow to the person of whom they purchased the note, any more than the five dollars paid for it. They were *bona fide* purchasers and creditors as against the plaintiff, to the extent only of the amount paid for the note. (*Jewett* v. *Palmer*, 7 Johns. Ch., 65; *Christie* v. *Bishop*, 1 Barb. Ch., 105; *Jackson* v. *Cadwell*, 1 Cow., 622.) The defendants, after being advised of the situation, were not permitted by any act to prejudice the right of the owner to the proceeds of the property sold to them. (*Hogan* v. *Shorb*, 24 Wend., 464.) It follows that they were not entitled in any view to set off more than five dollars against the plaintiff's claim, represented by the note sued on, assuming that Mrs. Depuy owned and was entitled to the proceeds of the wheat at the time of the sale to the defendants. This they did not ask to do, but claimed that sufficient of the amount of the note they held should be allowed and set off to satisfy the plaintiff's note. It is unnecessary to consider the question whether or not the business relation of Isaac Depuy, to his wife, was that of

agent or servant. It was not very clearly defined by the evidence, and if it were the latter, no right of set-off as against the wife or her assigns would inure to the defendants. The rule is not one that should be extended beyond the cases which fairly come within it.

The evidence presented a question of fact in respect to the title in the wife to the wheat, arising upon that of the credibility of the testimony, in view of the relation of the husband and wife (who testified in that respect) to each other, and of the interest of the latter in the event of the action. The defendants had the right to have the questions of fact submitted to the jury, if they had desired it, and so requested. But it seems by the record that they did not ask that any question go to the jury, that they treated the questions presented as those of law only. They are not now permitted to raise any questions other than of law upon their exceptions to refusal to direct a verdict for the defendants, and to the direction of it for the plaintiff. (*Barnes* v. *Perine*, 12 N. Y., 18; *O'Neill* v. *James*, 43 id., 85; *Koehler* v. *Adler*, 78 id., 287.) The evidence is sufficient to authorize and support a verdict for the plaintiff. No other questions raised by counsel require consideration.

The judgment and order should be affirmed.

HAIGHT and CHILDS, JJ., concurred.

Judgment affirmed.