Barker, P. J.
—The appellant’s counsel, in his printed brief, has directed the attention of the court to the evidence, and claims that it establishes the fact that the defendant knew, or had reason to suppose and believe, before the property was delivered to and accepted by him, that it was the property of the plaintiff, and that James Mullen acted in the transaction as her agent. It does not appear by the record that all the evidence produced on the trial is contained therein. There is evidence tending to support all the facts found by the referee. Consequently this court cannot examine the evidence for the purpose of determining whether any of the findings are against the weight of evidence. Spence v. Chambers, 39 Hun, 193.
The only question that can be considered on this appeal is, do the facts, as found by the referee, sustain the legal conclusion adopted by him that the defendant was entitled to set off the debt which the agent owed him against the plaintiff’s demand for the value of the goods. The plaintiff was the owner of the property, and could maintain an action in her own name for its value, although her agent in *649 the sale did not disclose to the purchaser that she was his principal in the transaction. But a suit by the principal cannot defeat the equities of the purchaser, if he has any, as between himself and the agent who did not disclose to the vendee before the delivery and acceptance of the goods the name of the principal.
The rule is well settled that when an agent, dealing for the principal, has the actual possession of the goods and sells them as his own, and delivers them in his own name, concealing from the purchaser that he is acting for another, the buyer has the right to consider him, to all intents and purposes, as the principal in the bargain, and may set off any claims he may have against the agent at the time the goods were delivered in answer to the demand of his principal. Rabone v. Williams, 7 Term R., 360, note A; Hogan v. Miln, 24 Wend., 458; Wright v. Cabot, 89 N. Y., 570; Nichols v. Martin, 35 Hun, 168.
This rule does not apply when the purchaser has information from which he may fairly infer the existence of an agency, nor when the circumstances would ordinarily put him on inquiry.
As the referee has found that the husband of the plaintiff, in making the contract of sale, assumed to act as the owner of the property, and that when the same were delivered they were in his actual possession, and that the defendant had no knowledge or notice that the plaintiff was the owner, and in making the agreement and accepting the property he acted in good faith, believing the stones were the property of James Mullen, the legal conclusion adopted by the referee was correct.
The defendant called, as a witness, the justice before whom the original trial took place, and he testified that James Mullen was sworn as a witness on the trial before him, and in substance testified that he told his wife he had sold the stones to the defendant, and that she replied that it was all right. The plaintiff cross-examined the witness on the same subject and then moved to strike out the direct examination, without stating the ground on which the application was made, and the court refused and the plaintiff excepted.
We are unable to discover that this evidence was of any value to the defendant, and may be said to be incompetent, but as no objection was made to its reception it was not error to deny the motion to strike it out, and particularly so as no ground was stated on which the motion was based.
Judgment affirmed with costs.
Haight, Bradley and Dwight, JJ., concur.