TANNEBAUM v. MARSELLUS et al.

(City Court of New York, General Term. April 14, 1893.)

SET-OFF—CLAIMS AGAINST AGENT.

 Where a factor sells goods as his own, concealing the fact that he is dealing for a principal, and the latter brings an action on the contract, the purchaser may set off against the principal any claim he may have against the factor.

Appeal from special term.

Action by Lippman Tannebaum against Max Marsellus and others. Defendants' motion for leave to serve an amended answer setting up a counterclaim was denied, and they appeal. Reversed.

Argued before VAN WYCK and FITZSIMONS, JJ.

Wm. L. Clark, for appellants.
Franklin Bien, for respondent.

VAN WYCK, J. Two days after the expiration of the time within which defendant had the right to amend as of course he applied for leave to serve a proposed amended answer setting up a counterclaim, and was denied such permission by the order appealed from. Such applications, as a general rule, are usually granted, unless the amendment seeks to interpose some unconscionable defense, but a counterclaim recognized by the law cannot be so considered. No reason was assigned for denying defendant's application, and none is suggested by respondent's counsel, except "that it is simply matter of evidence, and not of pleading," and this is not sound, in view of the fact that the amended plea is amply broad enough to allow proof of just such facts as were recognized as valid counterclaims in Hogan v. Shorb, 24 Wend. 458, which simply followed the rule as laid down in Rabone v. Williams, 7 Term R. 356, by Lord Mansfield, that "where a factor, dealing for a principal, but concealing the principal, delivers goods in his own name, the person contracting with him has a right to consider him to all intents and purposes as the principal; and, though the real principal may appear and bring an action upon that contract against the purchaser of the goods, yet that purchaser may set off any claim he may have against the factor in answer to the demand of the principal. This has been long settled." The Hogan Case is followed in Pratt v. Collins, 20 Hun, 126, and approved in Bliss v. Bliss, 7 Bosw. 339. The rules of pleading counterclaims as laid down by the Code do not in any way change the above rule of law. The defendant should have been permitted to interpose the amended answer upon payment of $10, and the order denying his application is reversed, and permission is given him to serve same within six days, upon payment of $10 to plaintiff's attorney.