POLLACEK v. SCHOLL.

(Supreme Court, Appellate Division, Second Department.  May 29, 1900.)

1. UNDISCLOSED PRINCIPAL—NOTE AGAINST AGENT—SET-OFF.
   Where W. called on defendant, and represented himself as a dealer in leaf tobacco, naming no principal, and sold him certain goods, and on delivery by W. of defendant's order defendant tendered in part payment a note he held against W., who refused to accept it, but demanded the return of the tobacco, which was refused, and plaintiff, who was in fact the principal, then sent defendant a bill for the order, which was returned, defendant was entitled to a set-off to the extent of the note against the plaintiff, since he had a right to consider W. as the principal.

2. TENDER OF AMOUNT DUE—COSTS.
   Under Code Civ. Proc. § 733, providing that, if defendant tenders plaintiff a sufficient amount to pay his demand and the costs of the action to the time of the tender, plaintiff cannot recover costs or interest from that time, but must pay the defendant's costs, where defendant made a tender, before suit, of the requisite amount, the plaintiff was not entitled to costs, but defendant should have recovered the costs of an adjournment ordered by the court.

Appeal from municipal court of New York.

Action by Charles Pollacek against Frederick P. Scholl. From a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Arthur H. Cameron, for appellant.
F. P. Joachimsen, for respondent.

JENKS, J. This action is brought for goods sold and delivered. The answer is a general denial, and, "by way of a separate defense and as a counterclaim," that the goods were sold to the defendant by one Weigert with the representation that he was the owner thereof, and that defendant tendered in payment a certain unpaid promissory note of the said Weigert for $43, of which the defendant was then the bona fide holder for value, together with the balance of said purchase price in cash. The plaintiff and defendant were entire strangers. The undisputed evidence shows that Weigert called at the defendant's place, naming no principal, but representing himself as a dealer in leaf tobacco, and handing out a business card reading, "Charles Weigert, Dealer in Leaf Tobacco, 338 Central Ave.,

Brooklyn." The defendant ordered certain tobacco, which was thereafter delivered to the defendant by Weigert. The plaintiff thereupon asked Weigert for a bill, that he might make payment. Weigert said that he had none; that he had forgotten it. At the insistence of defendant, Weigert made out a bill, and receipted it. The bill read as follows: "Brooklyn, Aug. 18, 1899. F. P. Scholl, bought of Chas. Weigert, 338 Central Ave., Brooklyn, 20 lb. of Sumatra, @ 2.80=56.00. Received, Chas. Weigert." The defendant then tendered to Weigert the note and the balance in cash, which was refused, and a demand was made for the return of the tobacco, which demand was refused. Upon the following day plaintiff mailed a bill for the tobacco, which was remailed by the defendant with the writing, "I never bought any tobacco from you, and therefore return this bill." The plaintiff then called upon the defendant, and demanded the goods or the price thereof, whereupon the defendant answered that he had not bought the tobacco from the plaintiff, and did not recognize him in the transaction. It then appeared for the first time that Weigert was an employé of the plaintiff. I am of opinion that this note should be set off against the purchase price. Rabone v. Williams, 7 Term R. 360, note "a"; Nichols v. Martin, 35 Hun, 168, 170; Wright v. Cabot, 89 N. Y. 570, 574; Bannerman v. Quackenbush, 11 Daly, 529. In Rabone v. Williams, supra, Lord Mansfield says:

"Where a factor acting for a principal, but concealing the principal, delivers goods in his own name, the person contracting with him has a right to consider him, to all intents and purposes, as the principal; and, though the real principal may appear, and bring an action upon that contract against the purchaser of the goods, yet the purchaser may set off any claim he may have against the factor in answer to the demand of the principal."

And the principle applies, though, as in this case, the defendant, when he agreed to pay cash, intended to make payment, or part payment, with the note. Bannerman v. Quackenbush, supra, citing authorities. The defendant had no actual knowledge of Weigert's agency, and no circumstances appear that would indicate to a reasonable man that agency existed, or that would induce such a man to make inquiry. Therefore this case is not within the exception to the general rule, as noted in Argersinger v. MacNaughton, 114 N. Y. 535, 540, 21 N. E. 1022. The judgment must be modified. The plaintiff is entitled to the purchase price of the goods, viz. $56, less the note, with interest thereon for two years and six months, namely $49.68, leaving $6.32, amounting, with interest, to $6.45. As tender was made before suit, the plaintiff is not entitled to costs (section 733, Code Civ. Proc.), but the defendant is entitled to $5 costs of an adjournment, as ordered by the court below, to abide the event, leaving the amount of the plaintiff's judgment $1.45. The judgment, as reduced, should be affirmed.

Judgment of the municipal court modified, without costs of this appeal to either party, in accordance with opinion of JENKS, J. All concur.