### KLEINMAN v. HENRY KUPFER & CO.

(Supreme Court, Appellate Term, First Department.    March 13, 1916.)

1. PRINCIPAL AND AGENT ☞190(2)—LIABILITY OF AGENT—KNOWLEDGE OF AGENCY.

In an action for breach of contract to deliver goods, the exclusion of testimony tending to show plaintiff's knowledge that the defendant was an agent was error.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 719; Dec. Dig. ☞190(2).]

2. PRINCIPAL AND AGENT ☞190(3)—EVIDENCE—SUFFICIENCY.

In an action on a contract for the delivery of goods, documentary evidence, consisting of the letter and a copy of the order, in which the defendant was described as an agent, held sufficient to show that the plaintiff knew, or had facts from which he should have known, that the defendant was acting in a representative capacity.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 720; Dec. Dig. ☞190(3).]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Max Kleinman against Henry Kupfer & Co. Verdict for plaintiff. Defendant appeals. Reversed, and new trial granted.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Leo G. Rosenblatt, of New York City, for appellant.
Kaufman & Gisnet, of New York City (Michael Kaufman, of New York City, of counsel), for respondent.

PER CURIAM. The defendant appeals from a judgment of the Municipal Court in an action brought to recover damages for breach of contract to deliver certain merchandise. Defendant claims that it was acting as agent for a concern known as the Crompton Company in the making of the contract sued upon, and that that fact was known to the plaintiff at the time the agreement was entered into. Upon the trial it appeared that for five or six years prior to the transaction in suit plaintiff and defendant had been dealing with one another, that correspondence and communications had passed between them in the ordinary course of business, and that plaintiff was on more or less familiar terms with the employés and agents of defendant. The latter was sole agent for the Crompton Company, a manufacturer of velveteens and corduroys.

To establish the contract sued upon, plaintiff introduced in evidence a letter, dated September 30, 1915, in which defendant is described as "Selling Agents for Crompton Co.," together with an inclosure designated as "Copy of order given to Henry Kupfer & Co., Inc., Sole Agents Crompton Co., Crompton, R. I., * * * by Max Kleinman." The terms of this last paper provided that the order was to be filled at the Crompton Mills, that the goods were to be labeled Crompton and shipped by the "Joy Line" to one Williams, who it appears was the Crompton Mills truckman in this city, and who was to deliver direct to the plaintiff the goods in question. Printed upon the face of the order was the following clause:

"All orders are taken subject to delays or nondelivery caused by strikes, accidents, or for any other reason beyond our control."

[1] Defendant, in furtherance of its claim that it acted herein as agent with knowledge of the plaintiff, sought to show that, upon all the letters which plaintiff received from defendant, defendant was designated as "Selling Agents for Crompton Co."; that all goods of the quality ordered by plaintiff were labeled "Crompton Velveteen"; that the price list of the Crompton Company was shown to this plaintiff and his order was based thereon; and that the Crompton Company was the owner of the goods in question. This and similar evidence was all excluded by the court below. The ruling in this respect was in our opinion clearly prejudicial to defendant and sufficient to call for a reversal of the judgment.

[2] Furthermore, we think that the documentary proof alone is sufficient to show that the plaintiff knew, or had facts from which he should have known, that defendant was acting in a representative capacity and not for itself. If right in this conclusion, then no rule invoked by plaintiff can justify his claim that defendant was the principal in the transaction in question. Wright v. Cabot, 89 N. Y. 570; Hall v. Lauderdale, 46 N. Y. 70.

Judgment reversed, and new trial granted, with $30 costs to appellant to abide the event.